HALL v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-156-CR

DONTAE RAYMON HALL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dontae Raymon Hall entered an open plea of guilty to robbery with bodily injury.
(footnote: 2)  The trial court assessed Appellant’s punishment at two years’ confinement.  We affirm.

Procedural Background
 

On March 3, 2005, Appellant signed Written Plea Admonishments acknowledging he was entering an open plea of guilty to the offense of robbery with bodily injury, a second degree felony.
(footnote: 3)  He also signed a document containing numerous waivers, one of which was the right to have a court reporter make a record of the proceedings at which he would enter his plea.  Accordingly, the appellate record does not contain a court reporter’s transcription of the guilty plea hearing.
  The trial court accepted Appellant’s plea but deferred a finding of guilt until a Presentence Investigation Report (PSI) had been prepared prior to sentencing.

On April 25, 2005, the trial court reviewed the PSI and heard testimony from Appellant regarding punishment and his application to be placed on community supervision.  At the conclusion of the hearing, the trial court found Appellant guilty based upon the guilty plea he had entered on March 3, 2005, determined that Appellant would not be a good candidate for community supervision, and assessed Appellant’s punishment at two years’ confinement.

Independent Review of the Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his motion and brief, counsel avers that in his professional opinion this appeal is wholly frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant was provided the opportunity to file a pro se brief, but has not filed one.  The State has not filed an appellate brief.

 
 In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).  

Appellant entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67. 

Discussion
 

We have carefully reviewed the record before us,
(footnote: 4) including the PSI and the reporter’s record from the punishment hearing, and counsel’s brief.  We agree the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Therefore, we grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 18, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 29.02(a)(1) (Vernon 2003).

3:
See id.
 § 29.02(b).

4:
As stated earlier, Appellant waived the right to have a court reporter present at the March 3, 2005 hearing at which he entered his guilty plea.